# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIELS JAMES BUMPAS, | |
| Plaintiff, | No. 1:20-cv-01591 |
| v. | Judge Andrea R. Wood |
| THOMAS DART, et al., | |
| Defendants. | |

## DEFENDANT BILQIS JACOBS-EL'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Dated: August 24, 2021

Respectfully submitted,

*/s/ Miguel E. Larios*
Miguel E. Larios
Cook County State's Attorney's Office
Conflicts Counsel Unit
50 W Washington St, Suite 2760
Chicago, IL 60602
(312) 690-3543
miguel.larios@cookcountyil.gov

*Counsel for Defendant*
*Bilqis Jacobs-El*

Defendants BILQIS JACOBS-EL ("Defendant Jacobs-El"), by her attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, pursuant to Fed. R. Civ. P. 12(b)(6), and for her Motion to Dismiss Plaintiff's First Amended Complaint (dkt. 25), state as follows:

## INTRODUCTION

Plaintiff's First Amended Complaint (the "Complaint") should be dismissed as to Defendant Jacobs-El because there are no allegations that could possibly support a cause of action against her. For the reasons more fully articulated below, Plaintiff's claims against Defendant Jacobs-El should be dismissed.

## LEGAL STANDARD

"A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). In considering a motion to dismiss, the Court accepts as true all well pleaded facts and draws all reasonable inferences from those facts in Plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. The Court need not draw inferences which are not apparent on the face of the complaint. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

Plaintiff's Complaint appears to plead a cause of action against Defendants for deliberate indifference in violation of the Eighth and Fourteenth Amendments to the United States Constitution. However, Plaintiff's Complaint does not make any allegations specific to Defendant Jacobs-El, and, in fact, only mentions her name once in describing her as "at all times the Director of the Cook County Department of Facilities Management with responsibilities of management and oversight of the Cook County Jail." (Pl. Compl. ¶ 7). This lack of personal involvement is fatal to Plaintiff's claimn.

A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Black v. Lane*, 22 F.3d 1395, 1401, n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Section 1983 creates a cause of action based upon personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). There are no allegations that Defendant Jacobs-El "caused" or "participated" in the alleged

3

constitutional deprivation. Here, Plaintiff's Complaint is devoid of any allegations that Defendant Jacobs-El had any participation or involvement with Plaintiff whatsoever. For these reasons, Plaintiff has failed to state any claim against Defendant Jacobs-El.

**WHEREFORE**, for the above and foregoing reasons, Defendant Bilqis Jacobs-El respectfully requests that this Honorable Court enter an Order dismissing all claims against her in Plaintiff's First Amended Complaint, and grant such other relief as this Court deems necessary.

Dated: August 24, 2021

Respectfully submitted,

*/s/ Miguel E. Larios*
Miguel E. Larios
Cook County State's Attorney's Office
Conflicts Counsel Unit
50 W Washington St, Suite 2760
Chicago, IL 60602
(312) 690-3543
miguel.larios@cookcountyil.gov

*Counsel for Defendant*
*Bilqis Jacobs-El*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2021, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of recordin this case.

*/s/ Miguel E. Larios*
