IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Daniels James Bumpas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 20-cv-01591 |
| v. | ) | |
| | ) | District Judge Andrea R. Wood |
| Cook County, Illinois; | ) | |
| Thomas J. Dart, in his official | ) | |
| and individual capacity as *Sheriff of Cook County*; | ) | |
| and Bilqis Jacobs-El, *Director Cook County* | ) | |
| *Department of Facilities Management* | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

NOW COMES, Plaintiff, Daniels James Bumpas ("Mr. Bumpas"), by and through his court-appointed counsel, Ryan T. Johnson and Andrés J. Gallegos II of Robbins, Salomon & Patt, Ltd., and for his Second Amended Complaint against Defendants, Cook County, Illinois; Thomas J. Dart, in his official and individual capacity as *Sheriff of Cook County*, and Bilqis Jacobs-El, in her official and individual capacity as *Director Cook County Department of Facilities Management*, herein referred to as ("Defendants"), states as follows:

1. This civil action is brought pursuant to 42 U.S.C. § 1983 and seeks redress and relief for the violation, under color of state law, of Mr. Bumpas' clearly established rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); *Miranda v. Cty of Lake*, 900 F.3d 335 (7th Cir. 2018).

2. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), respectively.

3. The Northern District of Illinois is the proper venue pursuant to 28 U.S.C. § 1391 because the events giving rise to this civil action occurred at the Cook County Jail ("County Jail"), located within the Northern District of Illinois.

4. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), this Court previously conducted an initial review of Mr. Bumpas' original Complaint (Doc. 1) and dismissed Mr. Bumpas' Complaint with leave to amend. (Doc. 14). This Court appointed the undersigned counsel to conduct an investigation to determine whether, consistent with counsel's Rule 11 obligations, an amended complaint could be filed. (*Id.*)

**Parties**

5. Mr. Bumpas is a resident of the State of Illinois and, at all times relevant herein, was a pre-trial detainee incarcerated in the custody of the Cook County Sheriff's Office ("Sheriff") at the Cook County Jail.

6. Defendant Cook County is a governmental entity within the State of Illinois that funds and operates the Cook County Jail.

7. At all times relevant herein, Defendant Thomas J. Dart is and has been the Sheriff of Cook County and the chief administrator of the Cook County Jail. At all times relevant herein, Defendant Dart was acting under the color of law and in the course and scope of his employment as the agent, servant, and official policy maker for Defendant Cook County on issues relating to the care and safety of inmates at the Cook County Jail, including policies, procedures, practices, and/or customs challenged by this suit. At all times relevant herein, Defendant Dart had official policy-making authority over jail operations, was the commanding officer of all Cook County

correctional officers and other employees of Cook County working at the Cook County Jail, and was responsible for such individual's training, supervision, and conduct. He is sued in his official and individual capacity.

8. At all relevant times herein, Defendant Bilqis Jacobs-El was the Director of the Cook County Department of Facilities Management, and responsible for maintaining adequate health and sanitary conditions at the Cook County Jail. She is being sued herein in her individual and official capacity.

9. At all relevant times herein, Defendants were responsible for the establishment and implementation of the official policies, procedures, practices, and customs at the Cook County Jail, including those challenged by this suit.

10. At all relevant times herein, Defendants were responsible for the care, custody, and control of each individual housed in the Cook County Jail, and further responsible for ensuring that the Cook County Jail was in compliance with federal and state law, and related standards of care.

## I. There is Pattern and Practice of Unsanitary Living Conditions Throughout the Cook County Jail

11. Defendants are aware, and have been aware for many years, of a longstanding pattern and practice in the Cook County Jail, specifically including Division 2, unsanitary living conditions.

12. In 2008, The United States Department of Justice ("DOJ") performed an investigation into the conditions of the Cook County Jail. The DOJ concluded that the jail has failed to provide adequate environmental conditions, including sanitation, resulting in unconstitutional living conditions. *Cook County Jail's Inadequate Security, Health Care and*

*Living Conditions Violate Inmates' Constitutional Rights, Justice Department Investigation Finds*, dated July 17, 2008.

13. In 2017, Defendant Cook County settled hundreds of lawsuits over the Cook County Jail conditions related to mold and other unsanitary living conditions. Michael Puente, *Cook County Settles Hundreds of Lawsuits Over Jail Conditions*, Northern Public Radio, (May 12, 2017, 8:06 AM), http://www.northernpublicradio.org/news/2017-05-12/cook-county-settles-hundres-of-lawsuits-over-jail-conditions.

14. In 2018, the pattern and practice in the Cook County Jail continued and has resulted in other settlements related to mold and unsanitary living conditions. See, *Brown v. Sheriff Dart; Jacobs-El; Smith*, JVR No. 1810180012, 2018 WL 5078177 (plaintiff claimed his cell lacked heat and was freezing cold; the shower stalls were infested with drain flies and covered with mold and mildew; the toilets, sinks and showers were inoperable; lime covered the shower heads and drinking fountains; and mice and roaches infested the cells and living quarters).

15. Upon information and belief, Cook County Jail remains overcrowded and understaffed, and a culture and practice of inhumane and unsanitary living conditions continue.

**II. Mr. Bumpas' Incarceration and Conditions of Confinement**

16. Mr. Bumpas was incarcerated in pre-trial detention at the Cook County Jail from February 6, 2020, until March 3, 2020.

17. During his period of confinement, Mr. Bumpas was placed in a cell in the housing building known as Division 2.

18. During his confinement in a cell in Division 2, Mr. Bumpas was denied adequate shelter, sanitation, clothing, and other adequate living conditions and suffered multiple deprivations of basic human needs.

19. Mr. Bumpas' cell did not have sufficient heat. The lack of heat exposed Mr. Bumpas to excessively cold conditions and the substantial medical risks associated with exposure to cold temperatures.

20. During his confinement, the cells, toilets, sinks, and showers were infested with mold and presented a dangerous condition for Mr. Bumpas.

21. Mr. Bumpas' cell also did not have proper air ventilation.

22. Mr. Bumpas had difficulty breathing at all relevant times he was confined due the combination of the lack of sufficient heat, exposure to excessively cold conditions, presence of mold, and lack of proper air ventilation.

23. As a result of the unsanitary conditions of Mr. Bumpas' cell in Division 2 of the Cook County Jail, Mr. Bumpas suffered and will continue to suffer economic and non-economic injuries, significant mental injuries, and ongoing pain and suffering.

*Count I*

**42 U.S.C. § 1983, 14th Amendment Claim against: Defendants Cook County; Sheriff Thomas J. Dart and Bilqis Jacobs-El, in their individual capacities**

24. Mr. Bumpas repeats and realleges the foregoing paragraphs, and incorporates them by references as through fully set forth herein.

25. Through the instant Complaint, Mr. Bumpas alleges an action pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution against Defendant Cook County and Defendants Dart and Jacobs-El in their official capacities.

26. At all relevant times herein, Defendants deprived Plaintiff of his constitutional rights to due process of law, to be free from punishment prior to a conviction and/or determination of criminal guilt, to be provided with reasonably safe living conditions at the Cook County Jail.

27. Despite such knowledge, Defendants recklessly and with deliberate callous indifference failed to adopt and/or enforce adequate and reasonable policies and procedures to prevent inhumane and unsanitary living conditions and to ensure compliance with the law and with pertinent standards of care at the Cook County Jail

28. Specifically, at all times relevant herein, Defendants have, with deliberate indifference:

   A. Failed to establish and/or implement policies, practices, and procedures to ensure reasonably safe living conditions for inmates in custody and housed at Cook County Jail;

   B. Failed to establish and/or implement policies and procedures to ensure sanitary conditions to prevent the buildup of dangerous mold and/or mildew; and

   C. Failed to establish and/or implement policies and procedures to ensure compliance with the law and with pertinent standards of care at the Cook County Jail.

29. At all times relevant herein, Defendants possessed knowledge of the aforementioned deficiencies in the policies, practices, customs and procedures at the Cook County Jail, and yet approved and/or deliberately turned a blind eye to these deficiencies, allowing them to continue.

30. As a direct and proximate result of Defendants' respective acts and omissions, as set forth herein, Mr. Bumpas' constitutional rights were violated, causing Mr. Bumpas to suffer significant economic and non-economic damages.

*Count II*

**42 U.S.C. § 1983, *Monell* Policy, Practice, and Custom Claim against: Defendants Cook County, Thomas J. Dart and Bilqis Jacobs-El, in their official capacities**

31. Mr. Bumpas repeats and realleges the foregoing allegations and incorporates them by reference as through fully set forth herein.

32. The violations of Mr. Bumpas' constitutional rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, his damages, and the conduct of the individual Defendants, were directly and proximately caused by the actions and/or inactions of Defendants, which have, with deliberate indifference:

    A. Failed to establish and/or implement policies, practices, and procedures to ensure reasonably safe living conditions for inmates in custody and housed at Cook County Jail;

    B. Failed to establish and/or implement policies and procedures to ensure sanitary conditions to prevent the buildup of dangerous mold and/or mildew.

    C. Failed to establish and/or implement policies, practices, and procedures to ensure compliance with the law and with pertinent standards of care at the Cook County Jail;

33. At all times relevant herein, Defendants possessed knowledge of the aforementioned deficiencies in the policies, practices, customs and procedures at the Cook County Jail, and yet approved and/or deliberately turned a blind eye to these deficiencies, allowing such deficiencies to continue; and

34. As a direct and proximate result of Defendants' respective acts and/or omissions, as set forth herein, Mr. Bumpas' constitutional rights were violated, causing Mr. Bumpas to suffer significant economic and non-economic damages.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants on all counts as follows:

1. Adjudge and declare that the pattern, practice, and conduct described in this complaint was in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

2. Award Plaintiff actual and compensatory damages, for economic and non-economic harm that Plaintiff has and will continue to suffer as a result of the incident at issue, in amounts to be proven at trial;

3. Award Plaintiff punitive damages, as permitted by law and in amounts to be proven at trial;

4. Award Plaintiff of costs and attorneys' fees pursuant to 42 U.S.C. § 1998, 42 U.S.C. 1997e(d), or any other applicable law, and

5. Award Plaintiff any such other relief as the Court may dem just and proper.

## IV. JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Daniels James Bumpas demands a trial by jury of all issues triable of right by a jury.

Respectfully submitted,

Daniels James Bumpas

By: */s/ Ryan T. Johnson*
One of His Attorneys

Ryan T. Johnson (ARDC # 6280298)
Email: rjohnson@rsplaw.com
Andrés J. Gallegos II (ARDC # 6337849)
Email: agallegosii@rsplaw.com
*Attorneys for Plaintiff*
**ROBBINS, SALOMON & PATT, LTD.**
180 N. LaSalle Street, Ste. 3300
Chicago, IL 60601
Ph: (312) 782-9000
Fax: (312) 782-6900