IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daniels James Bumpas, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 20-cv-01591 |
| Cook County, Illinois; ) | |
| Thomas Dart, in his official and individual ) | District Judge Andrea R. Wood |
| capacity as *Sheriff of Cook County*; and Bilqis ) | |
| Jacobs-El, *Director, Cook County* ) | |
| *Department of Facilities Management* ) | |
| ) | |
| Defendants ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant Thomas Dart in his individual and official capacities ("Defendant" or "Defendant Dart"), by his attorney, KIMBERLY M. FOXX, Cook County State's Attorney, and through her assistant, Briana J. Leatherberry, pursuant to Federal Rule of Civil Procedure 12(b)(6), and requests this Court dismiss Plaintiff's Second Amended Complaint with prejudice. In support thereof, Defendant replies as follows:

**INTRODUCTION**

Plaintiff Daniels Bumpas ("Plaintiff") filed a section 1983 claim on March 4, 2020 alleging that his conditions of confinement were constitutionally inadequate while in custody at the Cook County Department of Corrections (CCDOC). Dkt. 1. This Court screened Plaintiff's Complaint under 28 U.S.C. section 1951(e) and dismissed it with leave to amend. Dkt. 14. On April 30, 2021, Plaintiff, through his appointed counsel, filed his First Amended Complaint. Dkt. 25. Defendant Dart filed a Motion to Dismiss, and in lieu of a response, Plaintiff filed his Second Amended Complaint. Dkts. 40, 49. On November 22, 2021, Defendant Dart filed the pending Motion to Dismiss. Dkt. 55. Plaintiff filed his Response on December 15, 2021. Dkt. 56.

As an initial matter, Plaintiff's Response is not responsive to any of the cases, legal arguments, or deficiencies raised in Defendant's Motion to Dismiss. Those include but are not limited to: (1) Plaintiff's failure to state a claim regarding the cold; (2) Plaintiff's failure to state a claim regarding inadequate ventilation; (3) lack of personal involvement or knowledge by Defendant Dart; and (4) punitive damages against Defendant Dart in his official capacity. Plaintiff's failure to respond operates as a waiver of the claims and an abandonment of any argument against dismissing those claims. *Jones v. Connors*, No. 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sep. 20, 2012); See *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n. 1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank*, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument [in a motion to dismiss]-as the [plaintiffs] have done here-results in waiver."); *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (internal citations omitted) ("We have repeatedly and consistently held that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.).

Plaintiff attempts to defeat Defendant's Motion to Dismiss with by doubling-down on Federal Rule of Civil Procedure Rule 8 and unsupported conclusory statements. See Dkt. 56, p. 3. Despite Plaintiff's arguments, Plaintiff's Second Amended Complaint still should be dismissed with prejudice for the following reasons: (I) Plaintiff's reliance on the notice pleading standard in the face of motion to dismiss is misplaced; (II) Plaintiff fails to allege that the conditions of his

2

confinement were a constitutional violation; (III) Plaintiff fails to makes an individual capacity claim against Defendant Dart; and (IV) Plaintiff fails to state a claim against Defendant in his official capacity under *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978) ("*Monell*").

## **ARGUMENT**

I. **Even if Plaintiff's Second Amended Complaint Complies with Rule 8(a), the Second Amended Complaint Warrants Dismissal Because Plaintiff Does Not Respond to the Specific Arguments Raised in Defendant's Motion to Dismiss.**

A complaint may still be dismissed if the "plaintiff does not provide argument in support of the legal adequacy of the complaint". *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053-54 (7th Cir. 2019). When granting defendants' motion to dismiss, the district court held that "Plaintiffs' response to Defendants' Motion to Dismiss fails to cite a single legal case and only argues through unsupported conclusions of fact. It also does not analyze or distinguish the cases relied on in Defendants' Motion", and this resulted in a waiver. *Id.* at 1054. The Seventh Circuit Court of Appeals noted that "even a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint." *Id.* at 1053-54. The Court of Appeals then affirmed the district court's holding. *Id.* See also, *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) (stating that "[t]he plaintiffs in the present case went beyond failing to raise a relevant argument—they affirmatively relied on the federal pleading standard that they now argue is erroneous. That is a waiver in the truest sense.")

Like in *Lee*, Plaintiff's Second Amended Complaint should be dismissed. Instead of responding to the deficiencies in the Second Amended Complaint, the Response is nothing more than unsupported conclusory facts heavily relying on the liberal pleading standard of Rule 8. Plaintiff has not distinguished, responded to, or analyzed a single case cited by Defendant Dart. Plaintiff cites *Brooks v. Ross*, which states "the liberal notice pleading regime is intended to 'focus

3

litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." Dkt. 56 p. 3 (citing *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)). However, Plaintiff's Second Amended Complaint is threadbare, speculative, and does not demonstrate a single claim that would entitle him to relief against Defendant in either his individual or official capacities. The Second Amended Complaint does not "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." Dkt. 56 p. 3 (internal citations omitted). Despite the pleading standards of Rule 8, Plaintiff's Second Amended Complaint should be subject to dismissal like in *Lee* for his failure to plead a claim and failure to respond to Defendant's Motion to Dismiss.

**II.   Plaintiff Fails to Allege that His Conditions Amount to a Constitutional Violation.**

A plaintiff's conditions of confinement must result in "extreme deprivations" to be considered a sufficiently serious deprivation. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The mere presence of dirt, mold, or mildew does not amount to a constitutional violation. *Woods v. Cook Cnty. Jail*, No. 17 C 8656, 2018 U.S. Dist. LEXIS 236956, at *5 (N.D. Ill. Feb. 26, 2018).

Plaintiff's allegations of mold are insufficiently pled. Plaintiff's Second Amended Complaint and Response fail to allege how long he was exposed to the mold. Plaintiff's Response only states in a conclusory fashion that his cell was "infested with mold, which resulted in his difficulty breathing." Dkt. 56 pg. 4. Furthermore, the Response makes no reference to the showers, sinks, and toilets, nor does the Response indicate how the mold impacted Plaintiff's daily life or severely impacted his health. Therefore, this argument too is waived. Plaintiff never elaborated on what the breathing difficulty was or its severity. Plaintiff made no claim he needed an inhaler or even sought medical treatment for it. Plaintiff never indicated the difficulty interfered with sleeping or his daily life and activities, and he was only in the cell for a short time. Plaintiff has

4

only alleged that mold was present, which does not amount to a denial of the minimal civilized measure of life's necessities. *Woods*, No. 17 C 8656, 2018 U.S. Dist. LEXIS at *5.

Plaintiff's claims do not describe extreme deprivations, a denial of life necessities, or even punishment needed to state a plausible claim. Plaintiff complains only of mere routine discomforts, which is not a constitutional tort. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Thus, his claims regarding the mold along with his other claims should be dismissed with prejudice.

**III.** **Plaintiff's Individual Capacity Claim Against Sheriff Dart Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Personal Knowledge or Involvement.**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Plaintiff's Second Amended Complaint does not state a claim against Defendant in his individual capacity. In his Response, Plaintiff states "Defendants' pattern and practice of unsanitary living conditions throughout their jail has been previously documented and lead to settlements of similar cases in 2018. Therefore, Defendants' acted with deliberate indifference and failed to enact a policy to maintain humane living conditions in their jail." Dkt. 56 p. 4. However, those statements make no reference to the individual capacity claim, personal involvement, or personal knowledge by Defendant Dart. What's more, he does not address the issues raised with Plaintiff's reliance on the 2008 United States Department of Justice report ("Report") or the settlements Plaintiff referenced from 2018. First, the Report is outdated. *See, e.g., Conwell v. Cook Cty.*, 12 C 10062, Dkt. 152 at p. 2-3 (N.D. Ill. Feb. 2, 2017) (*in limine* ruling barring references to the 2008 DOJ Report as inapplicable to allegations from 2012-2013). Next, Plaintiff references the Report without tying it to his specific experiences. *Jones v. Barber*, 17 C 07879, 2020 WL

1433811, at *6 (N.D. Ill. Mar. 24, 2020) (Plaintiff "does not cite any of the specific facts in that [DOJ] Report, let alone tie them to personal experience" in the pleadings stage; "[i]nvoking that Report in the aggregate, without more, does not move the ball forward."). Third, Plaintiff fails to recognize that the Report was resolved in 2018 as "the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities." *United States v. Cook County*, 10-cv-2946, Dkt. 375, p. 2 (N.D. Ill. 2010). The same is true with respect to the prior settlements. Plaintiff fails to allege how 2018 settlements related to his 2020 claim. The Response still does not allege whether those settlements relate to Division 2 or his experiences. Plaintiff's failure to address those deficiencies constitutes a waiver. Blanket references to an outdated report and unrelated settlements are speculative, do not amount to personal knowledge or involvement, and do not plausibly state a claim. Therefore, Count I should be dismissed with prejudice.

**IV.     Plaintiff's Claim Against Sheriff Dart in His Official Capacity Should Be Dismissed Because Plaintiff Has Not Adequately Pled a *Monell* Claim.**

A governmental entity is liable for damages under section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred because of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978).

Plaintiff's official capacity claim should be dismissed. The Response simply states "Defendants' pattern and practice of unsanitary living conditions throughout their jail has been previously documented and lead to settlements of similar cases in 2018. Therefore, Defendants' acted with deliberate indifference and failed to enact a policy to maintain humane living conditions in their jail." Dkt. 56 p. 4. Like the allegations in the Second Amended Complaint, Plaintiff's Response does not identify a policy, custom, or practice that caused a violation to him. Plaintiff still fails to identify what specifically about the settlements or the Report contain a policy

6

attributable to his particular allegations. *Scott-Pitts v. Cty. of Cook*, 18 C 432, 2018 WL 3626991, at *4 (N.D. Ill. July 30, 2018) (dismissing certain allegations in a *Monell* claim as lacking factual content, even when referencing the DOJ Report); see also *Jones v. Barber*, 17 C 07879, 2020 WL 1433811, at *6 (N.D. Ill. Mar. 24, 2020). Further, as the Court is well aware, cases settle all the time with no admission of liability and for reasons that bear no relation to the merits of the case. But Plaintiff offers no reason to believe those settlements were anything more than nuisance value, demonstrate any wrongdoing by Defendant, or relate in any way to the conditions Plaintiff experienced. Again, Plaintiff's blanket reliance on the existence on the Report and settlements are misplaced and cannot withstand a motion to dismiss. Therefore, Count II should also be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, Defendant Dart respectfully requests this Honorable Court to dismiss Plaintiff's Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not stated a claim against Defendant in either his official or individual capacities. Defendant also requests that the Court grant any other relief deemed equitable and just and to stay any responsive pleadings in this matter until the Court rules on this Motion.

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Briana J. Leatherberry*
Briana J. Leatherberry
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
Briana.leatherberry@cookcountyil.gov
(872) 267-2880

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 7, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Briana J. Leatherberry*
Briana J. Leatherberry
