IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELS JAMES BUMPAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-cv-01591 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| THOMAS DART, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendant Bilqis Jacobs-El's motion to dismiss [54] is granted in part and denied in part. Count II against Jacobs-El is dismissed without prejudice. Defendant Thomas Dart's motion to dismiss [55] is denied. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Daniels James Bumpas claims that he was housed in unconstitutional living conditions during the month he spent in pretrial detention in Division 2 of the Cook County Jail. For that reason, he has brought the present lawsuit against Defendants Thomas Dart and Bilqis Jacobs-El, in their individual and official capacities, as well as Cook County. Bumpas asserts claims under 42 U.S.C. § 1983, alleging that Defendants were responsible for objectively unreasonable living conditions in violation of the Fourteenth Amendment. Dart and Jacobs-El each have moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 54, 55).

**I.**

For purposes of the motions to dismiss, the Court accepts the well-pleaded facts in the Second Amended Complaint ("SAC") as true and views them in the light most favorable to Bumpas as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The SAC alleges as follows.

From February 6, 2020 until March 3, 2020, Bumpas was detained in Division 2 of the Cook County Jail. (SAC ¶¶ 16–17, Dkt. No. 49.) While in pretrial detention, Bumpas claims that he was denied adequate shelter, sanitation, and clothing. (*Id.* ¶ 18.) In particular, Bumpas alleges that he experienced excessively cold conditions in his cell, a lack of proper air ventilation, and mold-infested cells, toilets, sinks, and showers. (*Id.* ¶¶ 19–21.) Exposure to this combination of conditions caused him to experience difficulty breathing, significant mental injuries, and pain. (*Id.* ¶¶ 22–23.)

Bumpas further alleges that his individual experience was part of a widespread practice of constitutionally deficient conditions of confinement in Division 2. (*Id.* ¶¶ 27–28.) He claims that Cook County Jail is overcrowded, understaffed, and has unsanitary living conditions. (*Id*. ¶ 15.) In addition to the potentially systemic issues in Division 2 that he personally experienced, in support of his claims, Bumpas points to a 2008 Department of Justice ("DOJ") report that found unconstitutional living conditions in the Cook County Jail and references hundreds of recent lawsuits in 2017 and 2018 alleging mold and unsanitary living conditions throughout the Cook County Jail. (*Id.* ¶¶ 12–14.)

## II.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Both Dart and Jacobs-El argue that Bumpas's SAC must be dismissed because its allegations fail to state a claim against them in either their individual or official capacities.

The Fourteenth Amendment's Due Process Clause "protects [pretrial detainees] from any **punishment** for the acts that led to their detention." *Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022). While a convicted prisoner challenging the conditions of his incarceration under the Eighth Amendment must show "objective harm plus subjective intent," a plaintiff "challenging the conditions of his pretrial detention need show only that a defendant's conduct was 'objectively unreasonable.'" *Id.*[1] To state a Fourteenth Amendment conditions-of-confinement claim, a pretrial detainee must allege that: "(1) the defendant acted purposefully, knowingly, or perhaps even recklessly as to the conditions of the detainee's confinement; and (2) the defendant's conduct was objectively unreasonable." *Brown v. Dart*, No. 20-cv-4193, 2021 WL 4401492, at *3 (N.D. Ill. Sept. 25, 2021) (internal quotation marks omitted). Moreover, for an individual capacity § 1983 claim, a plaintiff must allege "that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Bumpas alleges that, while detained in Division 2, he experienced conditions of extreme cold, insufficient airflow, and jail-wide mold infestations. Each of these types of conditions previously has been found by the Seventh Circuit sufficient to support a claim based on an objectively serious condition. *See Board v. Farnham*, 394 F.3d 469, 485–86 (7th Cir. 2005)

---

[1] Because the Fourteenth Amendment's "objective reasonableness" standard is more lenient than the Eighth Amendment's deliberate indifference standard, "courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Hitzke v. Vill. of Mundelein*, 524 F. Supp. 3d 822, 827 (N.D. Ill. 2021) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).

(recognizing the constitutional right to adequate ventilation for pretrial detainees); *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (allowing plaintiff's claim of exposure to cold conditions to proceed); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (holding that the combined effects of unsanitary conditions can violate the Constitution). Moreover, such conditions are consistent with the kinds of "potentially systemic" conditions from which a senior jail official's personal involvement can be inferred. *See Brown v. Dart*, No. 14 C 3032, 2017 WL 3219217, at *3 (N.D. Ill. July 28, 2017); *see also Morton v. Dart*, No. 16-cv-5057, 2017 WL 4785925, at *3 (N.D. Ill. Oct. 23, 2017) (noting that extreme temperatures and mold in cells and communal showers "are the kinds of conditions that are by their very nature potentially systemic and not merely localized"). For example, in *Brown*, a prisoner in Cook County Jail's Division 6 alleged harm from moldy hygienic facilities as well as inadequate heating, clothing, and food. *Brown*, 2017 WL 3219217, at *3. The district court there concluded that those allegations were sufficient to state individual capacity claims against senior jail officials (including Dart and Jacobs-El), as such systemic conditions "were unlikely to affect Plaintiff in isolation." *Id.* Similarly, Bumpas has alleged suffering breathing problems from conditions that are likely to impact other detainees.

The Court further concludes that Bumpas has pleaded Dart and Jacobs-El's status as senior jail officials. At all relevant times, Dart was the Sheriff of Cook County, in which capacity he served as the chief administrator of the Cook County Jail and was the official policymaker on issues relating to the care and safety of Cook County Jail inmates. (SAC ¶ 7.) And, as the Director of the Cook County Department of Facilities Management, Jacobs-El was responsible for the health and sanitary conditions at the Cook County Jail. (*Id.* ¶ 8.) Several other courts in this District have previously concluded that Dart and Jacobs-El qualified as senior jail officials based on similar allegations. *See, e.g.*, *Morton*, 2017 WL 4785925, at *3; *Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *3–4 (N.D. Ill. Dec. 23, 2013); *see also Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (asserting that "defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systemic jail conditions"). Further, the allegations of potentially systemic conditions of confinement "sufficiently implicate[] Defendants' awareness of those conditions and the risks that they imposed on inmates, at least for purposes of deciding [these] motion[s] to dismiss." *Brown*, 2017 WL 3219217, at *3. Consequently, Bumpas has adequately alleged his individual capacity claims against both Dart and Jacobs-El.

### III.

The Court also finds that Bumpas has alleged enough facts to state a *Monell* claim against Dart in his official capacity. Municipalities and their officials cannot be held liable for § 1983 claims under a respondeat superior theory but they may face liability if they are directly responsible for the constitutional deprivation. *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019). Under *Monell*, such responsibility can be demonstrated by establishing three elements: "(1) a municipal action, which can be an express policy, a widespread custom, or an act by an individual with policy-making authority; (2) culpability, meaning, at a minimum, deliberate conduct; and (3) causation, which means the municipal action was the 'moving force' behind the constitutional injury." *Id.* Defendants focus on the first element, claiming that Bumpas has not adequately alleged a policy or custom that led to the allegedly unconstitutional conditions of his confinement.

A *Monell* claim requires a plaintiff to "demonstrate that there is a policy at issue rather than a random event." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). To plead this element of a conditions-of-confinement claim, "it is sufficient to allege that an official practice 'creat[ed] the conditions at the jail and permitt[ed] them to persist.'" *Brown*, 2017 WL 3219217, at *5 (quoting *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013)). Despite providing relatively sparse details, the SAC contains enough well-pleaded facts to adequately allege a policy or custom and survive a motion to dismiss. The SAC claims that Dart and Jacobs-El knew of deficiencies in the jail such as the extreme temperatures and mold yet failed to establish or implement policies to maintain safe living conditions. (SAC ¶¶ 28–29.) While there is no bright-line rule for how long a condition must persist to demonstrate a policy or custom, courts have found potential *Monell* claims based on conduct that occurred over the course of several years as well as three weeks. *Fuller v. Dart*, No. 19-cv-01914, 2022 WL 971998, at *5 (N.D. Ill. Mar. 31, 2022) ("Although [the plaintiff] has not pleaded with specificity the number of times that she has suffered these conditions, it is plausible based on the timeframe described in her complaint that they have lasted over several years."); *Brown*, 2017 WL 3219217, at *1, *5 (inferring a policy based on the plaintiff's exposure to the same systemic conditions during the three weeks he was detained in February and November 2014).

By their nature, allegations of extreme temperatures and mold are potentially systemic and the duration of a plaintiff's exposure to those conditions "generally requires the development of a factual record." *Budd*, 711 F.3d at 843; *see also Brown*, 2017 WL 3219217, at *5 & n.6. In *Brown*, the plaintiff did not include the number of times that he experienced each condition of mold and inadequate heating in the complaint. *Id.* at *5. Nonetheless, the district court denied the motion to dismiss and held that it was "reasonable to infer. . . that there [was] a policy at issue rather than a random event." *Id.* (internal quotation marks omitted).[2] Similarly, here, Bumpas alleges conditions such as mold infestations, inadequate heating, and poor airflow that take time to develop and are likely to persist. *See Bradford v. City of Chicago*, No. 16 C 1663, 2017 WL 2080391, at *4 (N.D. Ill. May 15, 2017) (explaining that allegations of longstanding jail conditions could plead a *de facto* policy).

To bolster his allegations of a policy or custom, Bumpas cites a 2008 DOJ report, as well hundreds of settlements from 2017 and 2018 alleging mold and other unsanitary conditions in the Cook County Jail (SAC ¶¶ 12-13). Given that twelve years have passed between the DOJ report's publication and Bumpas's detention, the Court finds its inclusion among Bumpas's allegations unpersuasive. However, the lawsuit settlements are closer in time to Bumpas's detention and, taken as true, suggest a continuing, uncorrected pattern or practice of unsanitary conditions throughout the Cook County Jail. *See Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997) ("The record indicates that [the plaintiff's] was not the only lawsuit filed concerning extreme cold at [the prison]."); *Fuller*, 2022 WL 971998, at *5 (holding plaintiff alleged enough facts such as similar lawsuits to state a *Monell* claim against the city). Thus, when considering the many lawsuits echoing Bumpas's complaints of mold and other inadequate living conditions at the Cook County Jail together with the systemic nature of the conditions Bumpas alleges, the Court

---

[2] In *Fuller*, this Court noted that it was "difficult to imagine how some of the conditions [the plaintiff] describes—including visible mold and maggot infestations—could appear in the Jail at random and be present for only short periods of time." *Fuller,* 2022 WL 971998, at *5.

concludes that the SAC sufficiently alleges a policy or custom of perpetuating unconstitutional conditions in Division 2. The official capacity claim against Dart can proceed.[3]

However, the Court dismisses the claim against Jacobs-El in her official capacity as duplicative. "A claim against a government employee acting in [her] official capacity is the same as a suit directed against the entity the official represents." *Sanders*, 198 F.3d at 629. Therefore, a claim against Dart in his official capacity is a claim against Cook County. *Morton*, 2017 WL 4785925, at *5. Because Jacobs-El also represents Cook County, including a claim against her in her official capacity is duplicative. *Id.* at *5–6. The claim is therefore dismissed with prejudice.

## IV.

In sum, the Court finds that Bumpas has adequately pleaded individual capacity claims against both Defendants Dart and Jacobs-El. Further, Bumpas has sufficiently alleged a policy or custom for purposes of *Monell* and therefore his official-capacity claim may proceed as to Dart. However, since the official-capacity claim against Jacobs-El is duplicative, Count II against Jacobs-El claim is dismissed with prejudice. Accordingly, the Court denies Dart's motion to dismiss and grants Jacobs-El's motion to dismiss in part and denies it in part.

Dated: July 26, 2022

Andrea R. Wood
United States District Judge

---

[3] Dart argues that Bumpas's request for punitive damages should be stricken insofar as he seeks them against Dart in his official capacity. The Court does not read the SAC as seeking punitive damages from Dart in his official capacity. Nonetheless, it clarifies that such damages are unavailable, although Bumpas may be able to recover punitive damages from Dart in connection with his individual-capacity claim. *E.g.*, *Davis v. Town of Cicero*, No. 88 C 8128, 1990 WL 103289, at *2 (N.D. Ill. July 13, 1990).

5